IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID MIXON                                                                    PETITIONER

v.                                             CIVIL ACTION NO. 3:17-cv-61-DJP-MTP

SUPERINTENDENT JACQUELINE BANKS                       RESPONDENT

## REPORT AND RECOMMENDATION

THIS HABEAS MATTER is before the Court on Respondent's Motion to Dismiss [7]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion to Dismiss [7] be granted in part and denied in part.

## PROCEDURAL HISTORY

On January 22, 1991, Petitioner pled guilty to murder and armed robbery in the Circuit Court of Hinds County, Mississippi. He was sentenced to a term of life in the custody of the Mississippi Department of Corrections for murder and a consecutive term of twenty-five years—with twenty-two years suspended—for armed robbery with eligibility for parole. (Order [7-1]).

In 2015, Petitioner filed a civil action in the Circuit Court of Hinds County challenging the Mississippi Parole Board's denial of parole. Petitioner also filed a motion to proceed *in forma pauperis*. On May 18, 2016, the circuit court denied Petitioner's IFP motion and dismissed his action, finding that it was without merit and futile. (Order [7-4]).

Thereafter, Petitioner filed a motion for leave to appeal *in forma pauperis* in the Mississippi Supreme Court. On July 28, 2016, the supreme court denied the motion, and on August 1, 2016, the clerk of court warned Petitioner that if he did not pay the filing fee, his

appeal would be dismissed. (Order [7-5]; Letter [8-4]). On August 25, 2016, the supreme court dismissed Petitioner's appeal for failure to pay the filing fee. (Order [7-6]).[1]

On January 27, 2017, Plaintiff filed the instant habeas petition raising the following ground for relief: "Petitioner is being unjustly denied parole release based upon his race (Afro-American) only." (Petition [1]). He requests that this Court "issue an order directing the respondent to bring petitioner before the next available Parole Board meeting for a just, proper, and fair parole release hearing; and for other relief deemed just and proper by the Court." (Brief [2] at 11).

On March 21, 2017, Respondent filed her Motion to Dismiss [7] arguing that the petition should be dismissed because Petitioner has failed to state a constitutional claim or, in the alternative, should be dismissed because Petitioner failed to exhaust all available state court remedies.

**STANDARD**

In considering whether a party has stated a claim on which relief may be granted, the court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] The supreme court issued the mandate dismissing Petitioner's appeal on September 15, 2016. (Mandate [7-7]).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

*Due Process*

It is not apparent from the petition that Petitioner intended to assert a due process claim.[2] Nevertheless, in her Motion to Dismiss [7], Respondent states that Petitioner asserted a claim that the Mississippi Parole Board's denial of parole constituted a violation of the Due Process Clause and argues that this claim should be dismissed because Petitioner has not alleged a deprivation of a liberty interest protected by federal law. Additionally, in his Response to the Motion to Dismiss, Petitioner argues that he "has a liberty interest in his expectation of release on parole." ([8] at 7). Thus, out of an abundance of caution and for the sake of completeness, the undersigned will address the issue of whether Petitioner's due process rights were violated as a result of the denial of parole.

The United States Court of Appeals for the Fifth Circuit has addressed this issue and explained as follows:

> State laws . . . may create liberty interests protected by the Due Process Clause. *See Kentucky v. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). In those situations, federal due process law sets the minimum procedures that are required before the state can deprive a person of that liberty interest. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). When a state has a system of mandatory parole, such a liberty interest

---

[2] The undersigned notes that while discussing his equal protection claim, Petitioner states that the parole board's decision to deny him parole was "arbitrary and capricious," but he does not specifically mention the Due Process Clause or his due process rights. (Brief [2] at 5-6).

3

> exists that implicates the procedural guarantees of the Due Process Clause. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373-74, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).
>
> Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole. *See* Miss. Code Ann. §§ 47-7-3, 47-7-17; *Smith v. Mississippi Parole Bd.*, 478 Fed. Appx. 97, 99 (5th Cir. 2012); *Irving v. Thigpen*, 732 F.2d 1215, 1217 (5th Cir. 1984).

*Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).

Because Petitioner has no protected liberty interest in parole, he can have no cognizable due process claim based upon the state's parole review procedure. *Id.*; *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984); *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 565-66 (5th Cir. 1987). Accordingly, Petitioner's claim that he was denied due process during the course of his parole proceedings should be dismissed with prejudice.

*Equal Protection*

Petitioner asserts that he has been discriminated against and denied parole by the Mississippi Parole Board base on his race—African American. Respondent argues that Petitioner has failed to allege an arguable equal protection violation.

To state a claim for an equal protection violation, the "plaintiff must either allege that (a) a state actor intentionally discriminated against [him] because of membership in a protected class or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Gibson v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (alteration in original) (internal quotation marks and citation omitted). An equal protection claim cannot be based solely on a personal belief that discrimination has occurred. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). Additionally, vague and conclusory allegations are insufficient to state an equal protection claim. *See Kyles v. Garrett*, 222 Fed. App'x. 427, 429 (5th Cir. 2007).

4

Petitioner alleges that he was denied parole because he is an African American, which is a protected class. Petitioner also specifically alleges the following:

> 'Douglas Hodgkin,' a white prisoner, was convicted of a serious violent crime—rape and murder of a University of Mississippi graduate student. The aforementioned white prisoner (as one classic example) had extensive community opposition and outrage in response to his parole release. Whereas, Petitioner Mixon, did not have such level of community opposition or outrage. Prisoner Hodgkin had served only twenty-two years of imprisonment when granted parole release. Whereas Petitioner Mixon has served in excess of twenty-five (25) years, but is continuously being denied parole release, as was granted to his white counterpart, Douglas Hodgkin.

*See* Brief [2] at 5. Petitioner also alleges that he has "maintained a good institutional conduct/behavior record." *Id*. at 4.

Respondent's Motion to Dismiss [7] has the purpose of testing the sufficiency of the pleadings. At this stage of the case, the Court must take Petitioner's allegations as true. Petitioner alleges that he is a member of a protected class, he was treated differently from a specific, similarly situated inmate, and this disparate treatment flowed from his being a member of the protected class. These allegations allow the Court to draw the reasonable inference that Petitioner was treated differently because of his race. Thus, Petitioner has alleged sufficient facts to state a plausible equal protection claim, and the Motion to Dismiss [7] should be denied to the extent Respondent seeks a dismissal of this claim. *Compare Cotton v. Booker*, 166 F.3d 341, 1998 WL 912201, at *1 (Dec. 18, 1998) (as the petitioner offered to prove his claim by a comparison of the parole records of similarly situated white inmates, he asserted a constitutional claim cognizable in a habeas proceeding to the extend his claim was based on an allegation of improper racial motive); *with Kyles*, 222 Fed. App'x. at 429 ("Beyond conclusional allegations that [unnamed] others similarly situated have been granted parole, though, Kyles offers no specific factual support for his assertions.").

*Exhaustion*

Respondent also argues that this petition should be dismissed because Petitioner failed to exhaust his state court remedies. Under 28 U.S.C. § 2254(b)(1), any state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

6

process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Caim*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" Id. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Mississippi Code Annotated § 99-39-5(1)(h) provides an avenue for an inmate to challenge his incarceration based on a claim that "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody." The United States Court for Appeals for the Fifth Circuit has recognized that an appeal by a Mississippi prisoner regarding eligibility for parole is cognizable under Miss. Code Ann. § 99-39-5(1)(h). *Lott v. Murphy*, 20 F.3d 468, 1994 WL 122125, at *1 (5th Cir. Mar. 24, 1994) (citing *Milam v. Mississippi*, 578 So. 2d 272, 273 (Miss. 1991)).

On February 28, 2017, the Court directed Respondent to file an answer, or other responsive pleading, along with full and complete transcripts of all proceedings in the state court of Mississippi arising from Petitioner being denied parole. *See* Order [5]. Thereafter, Respondent filed the instant Motion to Dismiss, along with a partial record from the state courts. Based on the record presented, it is not clear whether Petitioner properly exhausted his state court remedies or whether he is exempted from the exhaustion requirement.

Respondent provided copies of the circuit court's order dismissing Petitioner's action and the supreme court's order denying his IFP motion. ([7-4], [7-5]). Respondent, however, did not provide copies of Petitioner's pleadings in the state courts, and the undersigned cannot determine

whether the issues presented and relief requested in this action were properly presented to the state courts.

Along with his Response, Petitioner submits a one page, unsigned "Civil Action" filed in the circuit court which states that Petitioner is "alleging that the defendants violated his civil rights and committed arbitrary and capricious actions, seeking declaratory judgment and or monetary damages." ([8-1]). In its order [7-4], the circuit court states that Petitioner merely seeks damages against the parole board. Without a more complete record from the state court, the undersigned cannot determine what issues Petitioner presented or what relief he requested.

It is apparent from the record that the supreme court did not address the merits of Petitioner's appeal as it denied Petitioner's IFP motion and dismissed his appeal after he failed to pay the filing fee. ([7-5], [7-6]). Courts have previously held that a petitioner's claims are not exhausted when the state's highest court dismisses the appeal for failure to pay the filing fee. *See Jones v. Denmark*, 2016 WL 8730177, at *3 (S.D. Miss. June 3, 2016); *McDonald v. Epps*, 2014 WL 5286884, at *2 (S.D. Miss. Oct. 15, 2014). Petitioner, however, points out that § 2254(b)(1)(B) provides exceptions to the exhaustion requirement where exhaustion would have been futile. ([8] at 17).

Without the record before the supreme court, the undersigned cannot determine whether exhaustion would have been futile because of "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the appellant." 28 U.S.C. § 2254(b)(1)(B). For example, without copies of Petitioner's IFP motion and all orders regarding his IFP motion, the undersigned is unable to determine whether the state affords indigents an effective process by which to appeal *in forma pauperis* and whether Petitioner properly utilized that process. Accordingly, to the extent Respondent seeks a

dismissal of this action based on the issue of exhaustion, the Motion to Dismiss [7] should be denied without prejudice to Respondent's right to raise this issue after she files a full and complete record from all proceedings in the state courts of Mississippi.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. To the extent Respondent seeks dismissal of Petitioner's due process claim, the Motion to Dismiss [7] be GRANTED;

2. Petitioner's due process claim be DISMISSED with prejudice;

3. To the extent Respondent seeks dismissal of Petitioner's equal protection claim, the Motion to Dismiss [7] be DENIED;

4. To the extent Respondent seeks dismissal of this action based on the issue of exhaustion, the Motion to Dismiss [7] be DENIED without prejudice to Respondent's right to raise this issue in her answer or by subsequent motion; and

5. The Court direct Respondent to file an answer in this action, along with a complete record from the proceedings in the state courts of Mississippi arising from Petitioner being denied parole, for further evaluation by the undersigned as may be necessary.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 2nd day of August, 2017.

s/ Michael T. Parker  
United States Magistrate Judge